CRAWFORD v. MASTERS.

(Filed December 12, 1905).

*Ejectment—Issues—Pleadings—Judgment.*

1. An issue should be directed to the matter alleged on the one side and denied on the other. The judge may, in addition to the issue, submit questions to the jury pertinent to the matters in controversy, but he is not compelled to do so and his refusal is not reviewable.

2. In an action for the recovery of land if the defendant wishes to disclaim as to any portion of the *locus in quo* and put in issue the title to only a specific portion, he should do so in his answer.

3. In an action for the recovery of land the judgment must follow and conform to the verdict in designating the extent of the recovery, and must be rendered for the premises described in the complaint.

ACTION by F. P. Crawford against D. S. Masters, heard by *Judge T. A. McNeill* and a jury, at the February Term, 1905, of the Superior Court of McDowell.

This was an action for the recovery of the possession of a lot in the town of Marion. Plaintiff alleged that he was the owner of the lot and that defendant was in possession and wrongfully detained the same. Defendant denied each allegation of the complaint. Plaintiff introduced grant and several deeds for the purpose of showing title out of the State and that defendant and himself claimed under a common source. He introduced several deeds constituting his chain of title. The description of the lot in controversy, set out in the complaint, and the deed under which he claimed, is in the following words: "Also one other lot or parcel of land containing about three-fourths of an acre adjoining the above on the southwest, and is now enclosed with the above named town lot; for the courses and distance reference can be had to a deed from E. S. Hall to John Isbell, said lots

CRAWFORD *v.* MASTERS.

being sold by Benj. Weeks, administrator of John Isbell," etc. Plaintiff testified that he purchased the lot in controversy, together with adjoining lot, June 3, 1890, from J. S. Brown; that said Brown showed him the boundaries; that his son-in-law was there in possession; that both lots were enclosed as one by a rail fence—save a small part in front which was enclosed with a paling; that he had been in possession, etc., up to the time of bringing action.    There was other testimony on behalf of plaintiff in regard to the fence.    The defendant introduced a number of witnesses contradicting plaintiff's testimony in respect to the location of the fence.    At the close of defendant's evidence, he admitted in open court, that he was in possession of the lot west of the new street. Defendant tendered the following issues: "1. Is the plaintiff the owner and entitled to the lands described in the complaint.    2nd. Where is the western boundary of the second lot described in the complaint?    3. Is the defendant in possession of any land to which plaintiff has shown title?" The court declined to submit the issues and in lieu thereof submitted the issue:    "1. Is the plaintiff the owner and entitled to the possession of the lands described in the complaint?  Ans. Yes."  Defendant excepted.  The parties introduced a map showing the respective contentions in regard to the boundary.    The plaintiff introduced an agreement entered into between W. R. Whitson and W. S. Masters in regard to the measure of liability in the event of a breach of warranty, etc.    Defendant excepted.

There was no exception to the charge, as given.    Defendant submitted several prayers for special instructions, some of which were declined.    The defendant moved for judgment upon the verdict, which was refused and he excepted.

He also excepted to the form of the judgment and appealed.

*P. J. Sinclair* for the plaintiff.
*Justice & Pless* for the defendant.

CONNOR, J., after stating the facts: The plaintiff alleged that he was the owner of the lot in controversy and that defendant was in the wrongful possession. Both these averments defendant denied. Pending the trial defendant admitted that he was in possession of that portion of the lot in respect to which there was a controversy. With this admission there was but one issue arising upon the pleadings —that of title. It is elementary that the issues should be directed to the matter alleged on the one side and denied on the other. If the judge, in his discretion, deems it proper, he may, in addition to the issues, submit questions to the jury pertinent to the matters in controversy, but he is not compelled to do so and his refusal is not reviewable. Clark's Code, sec. 393, and cases cited. In an action for the recovery of land if the defendant wishes to disclaim as to any portion of the *locus in quo* and put in issue the title to only a specific portion, he should do so in his answer. If he denies the title to the entire boundary and the issue is decided against him, the judgment will be signed in accordance with the allegation in the complaint, unless the jury shall by their verdict restrict the boundary of the recovery. Whatever may have been the rule in the action of ejectment, as it prevailed prior to the adoption of our Code of Procedure in regard to the form and effect of the judgment, it is well settled that in the civil action for the recovery of real estate, the judgment must follow and conform to the verdict in designating the extent of the recovery, and must be rendered for the premises described in the complaint. Sedg. & Wait, Trial Title, sec. 525.

In this record, the plaintiff alleged ownership of a lot, enclosed with another lot conveyed in the same deed. The boundaries were marked by a fence. There was a controversy as to the location of the fence. His Honor instructed the jury that the burden was on the plaintiff to establish, by a preponderance of the evidence, his claim and right of pos-

session up to the boundary contended for; that he must sat-
isfy them as to the true location of his boundary and fence,
set out in his deed, as well as his possession within the same;
that if they found by the greater weight of the evidence that
the fence was at the point contended for by the defendant
(explaining by reference to the map the respective conten-
tions), they should answer the issue "No." The finding
upon the issue in view of the admission settled the matter in
controversy, and entitled the plaintiff to judgment according
to the description of the lot in his complaint. His Honor's
charge was full and clear, both in respect to the subject mat-
ter of the litigation and the testimony bearing upon the
respective contentions of the parties.

We have examined the instructions asked by the defend-
ant and think that, in so far as they were correct proposi-
tions, they were given by the judge below. The agreement
between Whitson and Masters, to the introduction of which
the defendant objected, does not appear to us to have much,
if any, bearing upon the issue. We cannot see how its admis-
sion prejudiced the defendant.

We have examined the entire record in the light of the
defendant's exceptions and brief, and find no error. The
case was fairly tried and the judgment was drawn in accord-
ance with the pleadings and verdict.

No Error.